UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

JANET E. EHRENREICH,                                    Civil No. 05-2350 (JRT/JJG)

        Plaintiff,

       v.                                              **REPORT AND RECOMMENDATION**

Judge C.A. RICHARDS,
Judge EDWARD F. VLACK,
Attorney WILLIAM J. RADOSEVICH,
Attorney KENNETH C. PLETCHER, and
Attorney STEPHEN J. DUNLAP,

        Defendants.

_____

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a).  (Docket No. 3.)  The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed.

Plaintiff commenced this action on October 6, 2005, by filing her IFP application and a self-styled two-page complaint.  By order dated October 12, 2005, (Docket No. 4), Magistrate Judge Franklin L. Noel ruled that Plaintiff's IFP application would "not be granted at this time," because of various defects appearing on the face of her complaint.[1]  Plaintiff's complaint was found to be deficient because it did not allege any historical facts that would

_____

    [1]  This case was originally assigned to Magistrate Judge Noel, but the case was re-assigned to the undersigned Magistrate Judge on October 25, 2005.

support any cause of action against any of the named Defendants, and because there were no allegations suggesting any grounds for exercising personal jurisdiction over any of the named Defendants in this District.   Furthermore, it appeared that two of the named Defendants, Judge C.A. Richards and Judge Edward F. Vlack, are not suable, because of the doctrine of judicial immunity.

Magistrate Judge Noel's prior order gave Plaintiff an opportunity to cure the defects in her original pleading by filing an amended complaint within twenty (20) days.  Thereafter, Plaintiff did file a three-page document entitled "Amended Complaint," which was accompanied by an unexplained collection of "Exhibits." (Docket Nos. 5 and 6.)  It is readily apparent, however, that Plaintiff's amended pleading does not cure the defects found in her original complaint.  Plaintiff still has not described any factual or legal grounds that would support any cognizable cause of action against any of the named Defendants.  She still has not alleged any historical <u>facts</u> showing what the named Defendants actually did (or failed to do) that has caused Plaintiff to sue them.  It appears that some of the Defendants may have played some role in a Wisconsin state court proceeding that involved some real estate in which Plaintiff claimed an interest, but it is impossible to discern anything more from Plaintiff's meager pleading.  The "Exhibits" submitted with the amended complaint do not add anything meaningful to Plaintiff's pleading.  Those materials seem to confirm that Plaintiff was involved in a state court lawsuit involving real estate, but they do not suggest that Plaintiff has any actionable claim for relief against any of the Defendants.

Furthermore, Plaintiff still has made no effort to show any grounds for exercising personal jurisdiction over the named Defendants here in Minnesota.  As Magistrate Judge

Noel observed in the prior order, "it appears that none of the named Defendants resides in Minnesota, or has any direct connection to the State of Minnesota." (Order dated October 12, 2005; [Docket No. 4]; p. 2.)  The prior order explicitly informed Plaintiff that "[t]he amended complaint must also clearly show that there are proper grounds for exercising personal jurisdiction over all of the various Defendants here in the District of Minnesota." (Id., p. 3.) Plaintiff has made no effort to satisfy this requirement, and thus it still appears that there are no grounds for exercising personal jurisdiction over Defendants in this District.[2]

In sum, Plaintiff's amended complaint is just as deficient as her initial pleading. Because Plaintiff has not corrected the shortcomings noted in the prior order in this matter, she still has not pleaded an actionable claim.  It will therefore be recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  See Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam) (§ 1915(e)(2)(B)(ii) authorizes district courts to summarily dismiss actions filed by IFP applicants who have failed to plead an actionable claim).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's "Application To Proceed Without Prepayment Of Fees," (Docket No. 2), be **DENIED**; and

2.  This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November 9, 2005                                      s/Jeanne J. Graham

---

[2]  The Court also notes that Plaintiff is still attempting to sue two state court judges who are protected from suit under the doctrine of judicial immunity.

3

JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by November 30, 2005. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.