UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JANET E. EHRENREICH, | Civil No. 05-2350 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| JUDGE C.A. RICHARDS, JUDGE EDWARD F. VLACK, WILLIAM J. RADOSEVICH, KENNETH C. PLETCHER, and STEPHEN J. DUNLAP, | |
| Defendants. | |

Janet E. Ehrenreich, 670 10th Avenue, Unit 10, Baldwin, WI 54002, plaintiff *pro se*.

Plaintiff Janet Ehrenreich brings this application for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). In a Report and Recommendation dated November 9, 2005, United States Magistrate Judge Jeanne J. Graham recommended denying Ehrenreich's application for leave to proceed IFP and dismissing the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Currently before the Court is plaintiff's objection to the Magistrate Judge's Report and Recommendation. The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court overrules plaintiff's objection and adopts the Report and Recommendation of the Magistrate Judge.

**BACKGROUND**

This lawsuit relates to a sale of land in Hudson, Wisconsin. On April 1, 1993, plaintiff entered into a contract for deed for her land and residence with a third party, the Millers. Over the next few years, the relationship apparently soured between plaintiff and the Millers, and in April 1998, the Millers initiated a lawsuit against plaintiff in Wisconsin Circuit Court for St. Croix County, seeking specific performance of the contract for deed (the "Wisconsin action"). Plaintiff and the Millers engaged in mediation, however, plaintiff was ultimately evicted from the property.

Plaintiff filed her complaint in this Court on October 6, 2005, and sought leave to proceed in forma pauperis. Plaintiff brought this lawsuit against many of the individuals involved in the Wisconsin action: William Radosevich was plaintiff's attorney of record in the Wisconsin action; Kenneth Pletcher was the Millers' attorney; Edward Vlack[1] was the mediator; and the Honorable C. A. Richards was the Wisconsin Circuit Court for St. Croix County who presided over the Wisconsin action. It is unclear what role, if any, the remaining defendant, Stephen Dunlap, had in the Wisconsin action.

Plaintiff's initial complaint, a two-page document, alleged that she was wrongfully evicted from her property. She claimed that she was never served with a summons and complaint in the Wisconsin action in violation of Wisconsin law, and that the docket in

---

[1] The Court notes that Edward Vlack is now a Judge of the Wisconsin Circuit Court for St. Croix County.

the Wisconsin action was "falsified," resulting in "slander of title."[2] Plaintiff also alleged that Judge Richard's orders in the Wisconsin action were "unlawful," and that defendants "aided and abetted one another." Plaintiff further alleged that her "5th Amendment protections of 'due process of law' were violated by defendants," and sought relief under 42 U.S.C. § 1983.

In an Order dated October 13, 2005, the Court noted that plaintiff had not alleged any historical facts that would support any claim against any of the named defendants, and that the complaint did not describe what, specifically, any named defendant actually did (or failed to do) that would entitle plaintiff to a judgment against such defendant. Indeed, only one of the defendants who was listed in the caption of the complaint, Judge Richards, was mentioned anywhere in the body of the complaint.

Based on the lack of specific factual allegations in the complaint, the Court determined that plaintiff had failed to plead an actionable claim, but granted plaintiff leave to file an amended complaint. In its Order, the Court expressly stated that the amended complaint would have to "clearly describe what each named Defendant allegedly did or failed to do that has caused him or her to be sued." The Court also noted that, based on the allegations in the complaint, one of the defendants, Judge Richards, would likely be immune from suit under the doctrine of judicial immunity. The Court concluded that if plaintiff failed to cure the deficiencies in an amended complaint, plaintiff's action would be summarily dismissed for failure to state a claim.

---

[2] *See* Docket No. 1.

On October 28, 2005, plaintiff filed an amended complaint that was very similar to the initial complaint. In the amended complaint, plaintiff reiterated the allegations made in the initial complaint, and added that Judge Richards "deprived plaintiff of her rights" by acting "in the absence of all jurisdiction."[3] Although the names of the remaining defendants do appear in the body of the amended complaint, plaintiff's allegations related to these defendants are similarly conclusory. For example, defendant Kenneth Pletcher's name appears only as a reference to a letter, and defendants William Radosevich and Edward Vlack are apparently included as part of the "falsehood" on the docket. The remaining defendant, Stephen Dunlap, is alleged to have made a "false representation," but plaintiff offers no allegations regarding the content of the false representation, when it was made, or to whom it was made. Plaintiff alleged in the amended complaint that she "is still being denied due process of law."

Because the amended complaint similarly failed to contain any factual allegations showing how defendants had violated plaintiff's constitutional rights, the Magistrate Judge recommended denying plaintiff's IFP application and dismissing the case.

Plaintiff filed an objection to the report and recommendation. The objection provides some additional detail regarding the underlying land transaction and the Wisconsin action, and adds a claim for a Sixth Amendment violation.

---

[3] *See* Docket No. 5.

## ANALYSIS

Under 28 U.S.C. § 1915(e)(2)(B)(ii), an IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted.  *See also Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996). Although *pro se* pleadings should be liberally construed, such complaints still require specific facts to support the alleged conclusions.  *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

The Court finds that plaintiff has failed to state a claim upon which relief can be granted.  Although plaintiff has set forth specific factual allegations regarding the Wisconsin action, those allegations, without more, do not give rise to violation of plaintiff's Fifth or Sixth Amendment rights.  Plaintiff's allegations of constitutional violations remain conclusory, and this Court is unable to discern any legal theory that would entitle plaintiff to relief under the facts she has alleged.  For example, although plaintiff claims that Judge Richards acted "in the absence of jurisdiction," it is unclear why plaintiff believes the Wisconsin court lacked jurisdiction, given that all the parties and the property at issue in the Wisconsin action were located in Wisconsin, and that plaintiff actively participated in the Wisconsin action.  Finally, to the extent that plaintiff is basing her claims of constitutional violations on the rulings by Judge Richards in the Wisconsin action, such claims would be barred by the *Rooker-Feldman* doctrine, which

prevents federal district courts from re-hearing matters that have already been adjudicated by state courts.  *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000).[4]

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objection [Docket No. 8] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 7].  **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Motion for Leave to Proceed *in forma pauperis* [Docket No. 3] is **DENIED**; and

2.   Plaintiff's Complaints [Docket Nos. 1, 5] are **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   June 30, 2006　　　　　　　　　　　　s/ John R. Tunheim  
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[4] In addition, plaintiff has failed to allege facts showing that this Court has personal jurisdiction over defendants, as all defendants and the property at issue in the underlying dispute appear to be located in Wisconsin.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).